UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

In re:

| | | |
|---|---|---|
| INTEGRATED SURGICAL, LLC | : | CHAPTER 7 (JAM) |
| | : | |
| Debtor | : | CASE NO. 18-50186 |
| ------------------------------------------------------------x | | |
| RICHARD M. COAN, TRUSTEE OF THE BANKRUPTCY ESTATE OF INTEGRATED SURGICAL, LLC | : : : | ADV. PROC. NO. 20-05001 |
| | : | |
| Plaintiff | : | |
| v. | : | |
| | : | |
| MICHAEL BREEDE | : | |
| | : | |
| Defendant | : | |
| ------------------------------------------------------------x | | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS ADVERSARY COMPLAINT**

The Defendant, Michael Edward Breede ("Mr. Breede"), by and through his undersigned attorneys, pursuant to Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012(b), respectfully submits this memorandum of law in support of its Motion to Dismiss the complaint [D.I.[1] 1] (the "Complaint") filed by plaintiff by plaintiff Richard M. Coan, Trustee of the Bankruptcy Estate of Integrated Surgical, LLC (the "Plaintiff").

**I. Preliminary Statement**

The Court should dismiss the Complaint because the Plaintiff has failed to plead adequate facts in that the claims in the Complaint are based largely on mere recitations of the elements of various causes of action without any particular, plausibly asserted factual foundation, the Complaint fails to satisfy the standard set by the United States Supreme Court in *Ashcroft v.*

1

*Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Therefore, and for the reasons more thoroughly discussed herein, the Court should dismiss the Complaint.

## II. Factual Background & Nature of the Plaintiff's Claim

On February 19, 2018, (the "Petition Date"), Integrated Surgical, LLC (the "Debtor") filed a petition (the "Petition") for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

The Plaintiff is the Chapter 7 trustee of the Debtor's bankruptcy estate. Mr. Breede was the managing member of the Debtor.

On January 24, 2020, the Plaintiff filed the Complaint, commencing the above-captioned adversary proceeding against Mr. Breede. The Complaint principally concerns the transfer of certain funds from the Debtor to Mr. Breede following the sale of all of the Debtor's assets to Conmed Corporation ("Conmed"). *See* Complaint, at 3-4. Over nine counts, the Complaint recites in conclusory fashion the elements of various causes of action with precious few supporting factual allegations. Mr. Breede moves to dismiss on this basis.

## III. Law & Argument

### a. Legal Standard

Fed. R. Bankr. P. 7012(b) makes Fed. R. Civ. P. 12(b)(6) applicable to this adversary proceeding. "To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a pleading must contain a short, plain statement of the claim showing the pleader is entitled to relief, and a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A pleading cannot merely recite the elements of a cause of action, nor 'tender[] naked assertion[s] devoid of further factual enhancement.'" *Salvatore v. Salvatore (In*

---

[1] Except where otherwise indicated, "D.I." refers to document numbers of documents filed in this adversary proceeding.

*re Salvatore)*, 586 B.R. 371, 374 (Bankr. D. Conn. 2018), *quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

"In *Iqbal*, the United States Supreme Court described a two-step analysis to evaluate the sufficiency of a complaint. First, all allegations contained in the complaint, except legal conclusions or 'naked assertions,' must be accepted as true, and second, the complaint must state a plausible claim for relief. [*Iqbal*, 556 U.S.] at 678-79. 'A claim is facially plausible where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *In re Sagarino*, No. 16-21218 (JJT), 2017 Bankr. LEXIS 2436, 2017 WL 3865625, at *2 (Bankr. D. Conn. Aug. 29, 2017) (*quoting Iqbal*, 556 U.S. at 678)." *Id*.

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" . . . . [The] tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.

*Iqbal*, 556 U.S. at 678-79.  Put another way, a complaint must make a showing supported by factual allegations, rather than unsupported conclusions, in order to survive a motion to dismiss. *Twombly*, 550 U.S. at 555 n.3.

### b. The Complaint Fails to Plead Sufficient Facts in Count One

Count One of the Complaint alleges that the Breede Proceeds Transfer, as the Complaint defines that term, is a preferential transfer under Bankruptcy Code section 547(b).

> Pursuant to section 547(b) of the Bankruptcy Code, a trustee may avoid any transfer of an interest of the debtor in property (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made…

>between 90 days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and (5) that enables such creditor to receive more than such creditor would receive if (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

*Official Committee of Unsecured Creditors of Enron Corp. v. Martin (In re Enron Creditors Recovery Corp.)*, 376 B.R. 442, 452 (Bankr. S.D.N.Y. 2007).

Among other shortcomings, the Complaint merely recites conclusory allegations in a mechanical fashion to satisfy the elements of section 547(b), most troublingly as to the alleged antecedent debt and the Debtor's insolvency. Each will be addressed in turn.

The Complaint alleges that "[t]he Breede Proceeds Transfer was made for or on account of an antecedent debt," "Breede was a creditor of the Debtor," and "[t]he Breede Proceeds Transfer was [*sic*] allowed Breed [*sic*] to receive more than he otherwise would have received in a chapter 7 liquidation had the Breede Proceeds Transfer not been made." Complaint, ¶¶ 20-21, 23. As the Supreme Court recognized in *Iqbal*, a complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678; *Salvatore*, 586 B.R. at 374 (quoting *Iqbal*, stating that the Court need not accept such naked assertions as true). The Complaint contains no factual allegations that might provide the necessary "factual enhancement" required under *Iqbal* concerning any debt due Mr. Breede by the Debtor. Instead, the Complaint recites the elements of a section 547(b) claim, sprinkling in the names of the Debtor and Mr. Breede as needed to make such recitation facially relevant. Moreover, the Complaint alleges no facts from which the Court could reasonably infer any meaningful details concerning the alleged antecedent debt. Absent additional factual allegations concerning the alleged antecedent debt due Mr. Breede, the Complaint fails to state a claim under section 547(b). *Salvatore*, 586 B.R. at 374 ("all allegations contained in the complaint, except legal

conclusions or 'naked assertions,' must be accepted as true, and… the complaint must state a plausible claim for relief" which occurs when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Additionally, Count One contains insufficient allegations of the Debtor's insolvency, stating simply that "[w]hen the Breede Proceeds Transfer was made, the Debtor was insolvent." Complaint, ¶ 22. In *In re Trinsum Group, Inc.*, a bankruptcy court in the Southern District of New York dismissed a constructive fraudulent transfer claim brought under New York law, which like the claims implicated in this adversary proceeding, contains an insolvency element. 460 B.R. 379, 392-93 (2011). The plaintiff in that case *did* allege some facts relevant to the issue of solvency, including year-to-year percentage declines in the debtors' revenue levels and increases in their debt levels. *Id*. Nevertheless, the *Trinsum Group* court analyzed these allegations and determined that they were insufficient, because they did "not rule out the possibility that the Debtors may have had a reserve such that they were not insolvent or rendered insolvent." *Id*. Thus, the court held that without "more detailed information, the Amended Complaints fail to sufficiently plead the insolvency element." *Id*.

The burden is on the Plaintiff to prove the Debtor's insolvency. *See, e.g., In re Bunnenberg*, 2008 Bankr. LEXIS 4805, *21 (Bankr. E.D.N.Y. Dec. 5, 2008). Absent particular factual allegations, the mere occurrence of the Debtor's bankruptcy filing does not provide plausibility to support bare assertions of insolvency – much less bare assertions stretching back months before the Petition Date. Where presumptions of insolvency are to be afforded, such is provided specifically by statute. For example, the Bankruptcy Code itself, in the context of preference claims, provides that a trustee is entitled to a presumption of insolvency for only ninety days. 11 U.S.C. § 547(f). In *In re Caremerica, Inc.*, the bankruptcy court in the Eastern

District of North Carolina noted as much in dismissing a preference claim that asserted insolvency for a period of one year prior to the bankruptcy filing without alleging supporting facts. 409 B.R. 737, 752 (Bankr. E.D.N.C. 2009).

> Because a debtor must be insolvent on the date of the transfer in order for the trustee to be successful in a claim based on § 547(b), it follows that the trustee must allege facts sufficient to show that such insolvency is plausible. In this case, the trustee asserts that "[e]ach preferential transfer was made while the [t]ransferor was insolvent." Without factual assertions in support of the debtor's insolvency, however, the trustee's conclusory statement fails to satisfy the first prong under *Iqbal*. It follows that the trustee has failed to assert a claim supporting entitlement to relief.

*Id.*

The allegations of Count One concerning insolvency does not allege any facts particular to the Debtor. The Plaintiff is not entitled to any presumption of insolvency, as the Breede Proceeds Transfer is alleged to have occurred in August of 2017, while the Petition Date is February 19, 2018. Complaint, ¶¶ 3, 14. The Plaintiff's failure to allege any specific facts relevant to solvency renders the Complaint defective on its face and it must be dismissed.

Therefore, the Court should dismiss Count One and, to the extent that Count Six relies on Count One allowing the Plaintiff to avoid the Breede Proceeds Transfer the Court should dismiss Count Six as well.

    **c.** **The Complaint Fails to Plead Sufficient Facts in Counts Two and Three**

        i. **No Factual Allegations Concerning Reasonably Equivalent Value**

Count Two and Count Three of the Complaint seek to allege that the Breede Proceeds Transfer was a constructive fraudulent transfer under Bankruptcy Code section 544, Conn. Gen. Stat. §§ 52-552e and 52-552f, and Bankruptcy Code section 548(a)(1)(B). Complaint, ¶¶ 30-38. To state a claim for constructive fraud under any of these statutory provisions, a plaintiff must, *inter alia*, make sufficient allegations that the debtor received less than reasonably equivalent

6

value in exchange for the transfer. Determining the existence of "reasonably equivalent value depends on all the circumstances surrounding the transaction." *In re Adler, Coleman Clearing Corp.*, 263 B.R. 406, 466 (S.D.N.Y. 2001).

In an apparent attempt to satisfy this element of the Plaintiff's constructive fraudulent transfer claims, in Count Two and Count Three, the Complaint incorporates paragraphs 1 through 17 of the Complaint before making the conclusory assertion that "[t]he Breede Proceeds Transfer was made for less than reasonably equivalent value." Complaint, ¶¶ 27, 32. Such a conclusory allegation is insufficient under *Iqbal*. Indeed, the Supreme Court held that pleadings which are "no more than conclusions… are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Yet, nowhere in Count Two or Count Three does the Complaint make non-conclusory factual allegations concerning the absence of reasonably equivalent value. At most, all that the Court can reasonably infer from the Complaint is that Mr. Breede was a creditor of the Debtor (Complaint, ¶ 21, which is *not* incorporated into Count Two or Count Three) and that Mr. Breede received $198,866 from the Debtor in August of 2017 (Complaint, ¶ 14). While the Bankruptcy Code does not define "reasonably equivalent value," it defines "value" to include, *inter alia*, the "satisfaction … of … antecedent debt of the debtor…." 11 U.S.C. §548(d)(2)(A). The Plaintiff must still make more than conclusory allegations concerning the alleged absence of reasonably equivalent value to support his constructive fraudulent transfer claim.

As the Second Circuit held, "bald assertions and conclusions of law will not suffice." *Spool v. World Child International Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008). "The pleadings must create the possibility of a right to relief that is more than speculative." *Id*. Counts Two and Three of the Complaint fall well short of that mark and the Court should dismiss the same on this basis.

### ii. Insufficient Factual Allegations Concerning Insolvency

Both Count Two and Count Three allege that "[w]hen the Breede Proceeds Transfer was made, the Debtor (i) was left with unreasonably small capital, (ii) was unable to pay its debts as they were corning due and unable to pay the claims against it, or (iii) *was insolvent*." Complaint, ¶¶ 28, 33. To the extent Count Two and Count Three rely on the Debtor's alleged insolvency, such counts fail for the same reason as Count One fails.

The absence of any applicable presumption of insolvency (the Breede Proceeds Transfer occurred well more than 90 days prior to the Petition Date) and the Complaint's failure to allege facts concerning the Debtor's alleged insolvency as of the date of the Breede Proceeds Transfer are fatal to Count Two and Count Three. Indeed, in *Caremerica*, referenced above, the Court dismissed constructive fraudulent transfer claims under section 548(a)(1)(B) because the trustee had failed to allege "facts supporting the debtors' insolvency at the time of the transfer." 409 B.R. at 755-56.

Therefore, Count Two and Three fail to state a claim upon which relief may be granted and for that reason the Court should dismiss the same. To the extent that Count Six relies on Count Two and/or Three allowing the Plaintiff to avoid the Breede Proceeds Transfer the Court should dismiss Count Six as well.

### d. The Complaint Fails to Plead Sufficient Facts in Counts Four and Five

In Count Four and Count Five of the Complaint, the Plaintiff attempts to allege actual fraudulent transfers under Bankruptcy Code section 544, Conn. Gen. Stat. 52-552e, and Bankruptcy Code section 548(a)(1)(A). Complaint, ¶¶ 34-43. As Count Four and Count Five allege actual fraud, the allegations therein must satisfy Fed. R. Civ. P. 9(b), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7009, in addition to the *Twombly/Iqbal* standard.

*Gowan v. Patriot Group, LLC (In re Dreier LLP)*, 452 B.R. 391, 423 (Bankr. S.D.N.Y. 2011) ("A claim for actual fraudulent transfer pursuant to § 548(a)(1)(A) or applicable state law must satisfy the requirements of Rule 9(b) of the Federal Rules of Civil Procedure").

"Under Rule 9(b), 'though mental states may be pleaded generally, [p]laintiffs must nonetheless allege facts that give rise to a strong inference of fraudulent intent.' *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F.3d 160, 171 (2d Cir. 2015) (citation omitted)." *Weisfelner v. Hofmann (In re Lyondell Chemical Co.)*, 554 B.R. 635, 652 (S.D.N.Y. 2016). "This strong inference of fraudulent intent, in turn, may be established either '(1) by alleging facts demonstrating that the [d]efendants had both the motive and the opportunity to commit fraud or (2) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness.'" *Lehman Bros. Holdings v. JPMorgan Chase Bank, N.A. (In re Lehman Bros. Holdings)*, 469 B.R. 415, 447 (Bankr. S.D.N.Y. 2012) (citations omitted).

The Complaint fails to allege sufficient facts to allow the Court to draw the necessary "strong inference of fraudulent intent." Instead, the Complaint makes the conclusory allegation that "[t]he Breede Proceeds Transfer was made with the actual intent to hinder, delay and defraud creditors," Complaint, ¶ 37, and "[t]he Breede Proceeds Transfer with [*sic*] the actual intent to hinder, delay and defraud creditors." Complaint, ¶ 41. In addition to not being "entitled to the assumption of truth" as simple conclusory allegations, *Iqbal*, 556 U.S. at 679, neither the above-quoted passages nor the balance of the Complaint contain factual allegations "demonstrating that the [d]efendant[] had both the motive and the opportunity to commit fraud" or "facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *In re Lehman Bros. Holdings*, 469 B.R. at 447.

While a pleader may also rely on the "badges of fraud," absent the "confluence of several

[badges of fraud]" there exists no "conclusive evidence of an actual intent to defraud…." *In re Lyondell Chemical Co.*, 554 B.R. at 653. The Complaint does not contain factual, non-conclusory allegations from which the Court could reasonably infer a meaningful number of the badges of fraud. *See* Conn. Gen. Stat. § 52-552e (listing badges of fraud). Indeed, while the Complaint alleges that Mr. Breede was an insider of the Debtor (Complaint, ¶ 10), there are no other allegations in the Complaint that would satisfy additional badges of fraud.

On this basis, the Court should dismiss Count Four and Count Five of the Complaint and, to the extent that Count Six relies on Count Four and/or Count Five allowing the Plaintiff to avoid the Breede Proceeds Transfer, the Court should dismiss Count Six as well.

### e. The Complaint Fails to Plead Sufficient Facts in Count Eight

Count Eight of the Complaint contains allegations in furtherance of the Plaintiff's request that the Court recharacterize any claims made by Mr. Breede as equity. Complaint, ¶¶ 51-56. Three of the four paragraphs containing the substantive allegations in furtherance of such recharacterization are based on the Plaintiff's "information and belief."

Under *Twombly* and *Iqbal*, a plaintiff may allege facts "upon information and belief" where (a) "where the facts are peculiarly within the possession and control of the defendant" or (b) "where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records LLC* v. *Doe*, 604 F.3d 110, 120 (2d Cir. 2010) (citations and quotations omitted). The Complaint contains no allegation asserting that certain facts "are peculiarly within the possession and control" of Mr. Breede.[2] Likewise, paragraphs 52 and 53 of Count Eight contain no allegations setting forth "the factual information that makes the inference

---

[2] Presumably by reviewing the Debtor's books and records, the Plaintiff could establish whether the Debtor produced documents concerning loans allegedly made by the Defendant, after which the Plaintiff could make allegations concerning the basis for his "information and belief" or at least allege why such an examination of the Debtor's books and records is not inconsistent with such "information and belief."

10

of culpability plausible." Meanwhile, while paragraph 54 of Count Eight makes passing reference to the "information set forth in the Debtor's schedules and statement of financial affairs" without further elucidation, the allegations in paragraph 54 are inconsistent internally and as compared to other allegations in the Complaint. For example, paragraph 54 alleges that "the 'loans' to [Mr. Breede] were unsecured" while paragraph 21 of the Complaint alleges that Mr. Breede "was a creditor of the Debtor." Further, paragraph 54 alleges that "the Debtor had no fund or source of income to repay the 'loans' to [Mr. Breede]" – repayment of loans to a borrower is fundamentally illogical.

Against this backdrop, there exist no allegations that provide adequate support to the claims made simply "upon information and belief." Because the Complaint contains insufficient allegations to support such "information and belief," the Court should dismiss Count Eight.

### f. The Complaint Fails to Plead Sufficient Facts in Count Nine

Count Nine alleges that Mr. Breede breached his fiduciary duty to the Debtor. Complaint, ¶¶ 57-62.

> To establish a breach of fiduciary duty, the plaintiff must prove by a preponderance of the evidence: (1) That a fiduciary relationship existed which gave rise to (a) a duty of loyalty on the part of the defendant to the plaintiff, (b) an obligation on the part of the defendant to act in the best interests of the plaintiff, and (c) an obligation on the part of the defendant to act in good faith in any matter relating to the plaintiff; (2) That the defendant advanced his or her own interests to the detriment of the plaintiff; (3) That the plaintiff sustained damages; (4) That the damages were proximately caused by the fiduciary's breach of his or her fiduciary duty.

*Culhane v. Culhane*, 969 F. Supp. 2d 210, 224-25 (D. Conn. 2013).

As with other counts in the Complaint, Count Nine merely contains a mechanical recitation of the elements of a breach of fiduciary duty claim, without sufficient supporting factual allegations. For example, the Complaint alleges that Mr. Breede "advanced his own

interests to the detriment of the Debtor and the Estate by transferring assets of the Debtor to Conmed and then making the Breede Proceeds Transfer" and "[a]s a result, the Debtor suffered damages." Complaint, ¶¶ 60-61. In this regard, the Complaint improperly "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678; *Salvatore*, 586 B.R. at 374 (quoting *Iqbal*, stating that the Court need not accept such naked assertions as true).

"[B]ald assertions and conclusions of law will not suffice." *Spool,* 520 F.3d at 183. "The pleadings must create the possibility of a right to relief that is more than speculative." *Id*. Count Nine does not satisfy this standard and, as a result, the Court should dismiss the same.

### IV. Conclusion

For the foregoing reasons, the Plaintiff's Complaint fails to state a claim upon which relief can be granted. Therefore, the Court should dismiss the Complaint and grant such other and further relief as the Court deems just and proper.

Dated this 13th day of July, 2020, at Bridgeport, Connecticut.

                                        MICHAEL EDWARD BREEDE,
                                        THE DEFENDANT

                         By:   /s/ Matthew K. Beatman
                              Matthew K. Beatman (ct08923)
                              Christopher Blau
                              Zeisler & Zeisler, P.C.
                              10 Middle Street, 15th Floor
                              Bridgeport, CT  06604
                              Tel. 203-368-4234
                              Email: mbeatman@zeislaw.com
                              Attorney for the Defendant